**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY YOUNESSI**<br>**1173 Sylvania Road**<br>**Cleveland Heights, OH 44121**<br><br>**And**<br><br>**DAVID PAGLISOTTI**<br>**1285 Meadowbrook Blvd.**<br>**Stow, OH 44224**<br><br>**And**<br><br>**CASEY WILLIAMS**<br>**1354 West 73rd Street**<br>**Cleveland, OH 44102**<br><br>**And**<br><br>**GRAYSON LATIMORE, JR.**<br>**2112 Helmsdale Drive**<br>**Euclid, OH 44143**<br><br>**And**<br><br>**ROBERT K. MARKOUC**<br>**6202 Cedarwood Road**<br>**Mentor, OH 44060**<br><br>**And**<br><br>**JAMES BEGIN**<br>**16950 Egbert Road**<br>**Walton Hills, OH 44146**<br><br>**And**<br><br>**MATT ANDRLE**<br>**3205 Meadowbrook Blvd., #12**<br>**Cleveland Heights, OH 44118**<br><br>**Plaintiffs,** | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** | **CASE NO.:**<br><br>**JUDGE:**<br><br>**MAGISTRATE JUDGE:**<br><br>**<u>COMPLAINT</u>**<br><br>**<u>JURY DEMAND</u>** |

**v.** )
)
**CUYAHOGA COUNTY EXECUTIVE** )
**& COUNCIL (CUYAHOGA COUNTY)** )
**1219 Ontario Street** )
**Cleveland, OH 44113** )
)
**And** )
)
**FRANK BOVA** )
**CUYAHOGA COUNTY SHERIFF** )
**The Justice Center** )
**1215 West 3rd Street** )
**Cleveland, OH 44113** )
)
**And** )
)
**CLIFFORD PINKNEY** )
**CUYAHOGA COUNTY SHERIFF** )
**The Justice Center** )
**1215 West 3rd Street** )
**Cleveland, OH 44113** )
)
**And** )
)
**SGT. EUGENE SHARPE** )
**The Justice Center** )
**1215 West 3rd Street** )
**Cleveland, OH 44113** )
)
**And** )
)
**DET. NICHOLAS RIEGELMAYER #251** )
**The Justice Center** )
**1215 West 3rd Street** )
**Cleveland, OH 44113** )
)
**And** )
)
**DEP. PATRICIA SIEFER #58** )
**The Justice Center** )
**1215 West 3rd Street** )
**Cleveland, OH 44113** )
)
)
**And** )

**DET. JOSEPH SKOVIRA #277**
**The Justice Center**
**1215 West 3rd Street**
**Cleveland, OH 44113**

**And**

**DET. WILLIAM UTHE #246**
**The Justice Center**
**1215 West 3rd Street**
**Cleveland, OH 44113**

**And**

**JOHN DOES #1-10**
**The Justice Center**
**1215 West 3rd Street**
**Cleveland, OH 44113**

**Defendants.**

NOW COME the Plaintiffs, Timothy Younessi, David Paglisotti, Casey Williams, Grayson Latimore, Jr., Robert K. Markouc, James Begin, and Matt Andrle, by through their counsel, Michael Dylan Brennan, for their complaint against the Defendants, state as follows:

## INTRODUCTION

1. The Fourth Amendment of the U.S. Constitution provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated." The US Supreme Court has explained that "the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." Illinois v. Rodriguez, 497 U.S. 177, 191 (1990). The Fourth Amendment applies to the states through the Fourteenth Amendment of the U.S. Constitution.

2. This is a civil rights action under 42 U.S.C. § 1983 arising from the unconstitutional search of Plaintiff, Tim Younessi's, home located at 1173 Sylvania Road, the

unconstitutional search of Plaintiff, David Paglisotti's, motor home parked at the property, and the unconstitutional false arrest of all Plaintiffs by deputies of the Cuyahoga County Sheriff's Department on May 13, 2014. The search was conducted with a warrant dated July 29, 2011 for one Harry Burton, whom the Cuyahoga County Sheriff's Department had searched the property previously on March 7, 2013, and whom Cuyahoga County Sheriff's Department had evicted from the property on September 7, 2011 following a foreclosure and sheriff's sale of the property. The Cuyahoga County Sheriff's Department performed its May 13, 2014 search with a nearly three year old warrant, with knowledge that Harry Burton was no longer at the property, without consent of the Plaintiffs, and absent exigent circumstances. As this case illustrates, Cuyahoga County and the Sheriff have failed to train their personnel to respect the rights of citizens under the Fourth Amendment. The Plaintiffs are entitled to compensatory damages for injuries they suffered as a result of the Defendants' unconstitutional conduct, punitive damages to punish and deter the defendants from engaging in similar unconstitutional conduct in the future, and statutory attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, insofar as this action arises under the Constitution and civil rights laws of the United States.

4. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), insofar as a substantial part of the events or omissions giving rise to this action occurred in this district.

5. There are no administrative exhaustion requirements for bringing the present civil rights action under 42 U.S.C. § 1983.

6. This complaint is being filed within the statute of limitations for claims brought under 42 U.S.C. § 1983.

**PARTIES**

7. Plaintiff Timothy Younessi is an American citizen and resides at 1173 Sylvania Road, Cleveland Heights, Ohio (the "Home"). At all times relevant hereto, Mr. Younessi was a member of the locally based and nationally known reggae band Tropidelic. He and the other Plaintiffs were at the Home on the evening of the incident preparing for band practice.

8. Plaintiff David Paglisotti is an American citizen who was present at the Home at the relevant time, together with his 1996 Bluebird motor home (the "Band Bus") parked at the Home. At all times relevant hereto, he was a member of the locally based and nationally known reggae band Tropidelic. He and the other Plaintiffs were at Mr. Younessi's Home on the evening of the incident preparing for band practice.

9. Plaintiff Casey Williams is an American citizen who was present at the Home at the relevant time. At all times relevant hereto, he was a member of the locally based and nationally known reggae band Tropidelic. He and the other Plaintiffs were at Mr. Younessi's Home on the evening of the incident preparing for band practice.

10. Plaintiff Grayson Latimore, Jr. is an American citizen who was present at the Home at the relevant time. At all times relevant hereto, he was a member of the locally based and nationally known reggae band Tropidelic. He and the other Plaintiffs were at Mr. Younessi's Home on the evening of the incident preparing for band practice.

11. Plaintiff Robert K. Markouc is an American citizen who was present at the Home at the relevant time. At all times relevant hereto, he was a member of the locally based and

nationally known reggae band Tropidelic. He and the other Plaintiffs were at Mr. Younessi's Home on the evening of the incident preparing for band practice.

12. Plaintiff James Begin is an American citizen who was present at the Home at the relevant time. At all times relevant hereto, he was a member of the locally based and nationally known reggae band Tropidelic. He and the other Plaintiffs were at Mr. Younessi's Home on the evening of the incident preparing for band practice.

13. Plaintiff Matt Andrle is an American citizen who was present at the Home at the relevant time. At all times relevant hereto, he was a member of the locally based and nationally known reggae band Tropidelic. He and the other Plaintiffs were at Mr. Younessi's Home on the evening of the incident preparing for band practice.

14. Defendant Cuyahoga County is a unit of local government established under the laws of the State of Ohio. The County is sued through the Cuyahoga County Executive and Council who are named only in their official capacity pursuant to O.R.C. § 305.12. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

15. Defendant Sheriff Frank Bova is and was at all times relevant to this action Sheriff of Cuyahoga County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his official capacity.

16. Defendant Sheriff Clifford Pinkney is and was at all times relevant to this action Sheriff of Cuyahoga County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his official capacity.

17. Defendant Sgt. Eugene Sharpe is and was at all times relevant to this action an officer employed with the Cuyahoga County Sheriff's Department and/or Cuyahoga County.

Defendant is a “person” under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

18. Defendant Det. Nicholas Riegelmayer is and was at all times relevant to this action an officer employed with the Cuyahoga County Sheriff’s Department and/or Cuyahoga County. Defendant is a “person” under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

19. Defendant Dep. Patricia Siefer is and was at all times relevant to this action an officer employed with the Cuyahoga County Sheriff’s Department and/or Cuyahoga County. Defendant is a “person” under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She is sued in her individual and official capacity.

20. Defendant Det. Joseph Skovira is and was at all times relevant to this action an officer employed with the Cuyahoga County Sheriff’s Department and/or Cuyahoga County. Defendant is a “person” under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

21. Defendant Det. William Uthe is and was at all times relevant to this action an officer employed with the Cuyahoga County Sheriff’s Department and/or Cuyahoga County. Defendant is a “person” under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

22. Defendants John Does 1 through 10 are and were at all times relevant hereto additional deputies or personnel or policy makers with the Cuyahoga County Sheriff’s Department and/or Cuyahoga County. Each such John Doe Defendant is a “person” under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. Each is sued in his or her individual and official capacity.

## FACTUAL ALLEGATIONS

23. On or about October 16, 2009, BAC Home Loans Servicing, LP filed a foreclosure case against Henry Burton, who at that time was the owner of the Home, in the Cuyahoga County Court of Common Pleas, Case No. CV-09-707034.

24. On or about March 15, 2010, the Cuyahoga County Court of Common Pleas adopted the magistrate's decision and entered a judgment of foreclosure and money judgment against Henry Burton.

25. On or about July 26, 2010, the Home was sold at Sheriff's Sale.

26. Upon information and belief, Henry Burton continued to live at the Home.

27. On or about July 15, 2011, Henry Burton was indicted for felony nonsupport of dependents, and assigned Cuyahoga County Court of Common Pleas Case No. CR-11-552363.

28. On or about July 29, 2011, the Cuyahoga County Court of Common Pleas ordered a capias for Henry Burton for his failure to appear in court for the charges brought in Case No. CR-11-552363.

29. Upon information and belief, as of this time, Henry Burton continued to live at the Home.

30. Meanwhile, in the foreclosure case, on August 24, 2011, a writ of possession was filed as to the Home to remove Henry Burton from the premises.

31. On or about October 7, 2011, the Cuyahoga County Sheriff's Department, pursuant to the writ of possession, evicted Henry Burton from the Home.

32. The Cuyahoga County Sheriff's Department did not at the time of that eviction arrest Henry Burton despite the Capias issued on July 29, 2011.

33. On or about March 14, 2012, the deed to the Home was transferred to Plaintiff Timothy Younessi.

34. At approximately that same time, Plaintiff Timothy Younessi had purchased the Home and moved into the Home, making it his residence.

35. On or about March 7, 2013, at approximately 5:20 A.M., deputies of the Cuyahoga County Sheriff's Department, including Defendants Sgt. Eugene Sharpe and Det. Nicholas Riegelmayer, entered the Home in search of Henry Burton.

36. At this same time and place, Timothy Younessi awoke from his sleep in his second floor bedroom, and heard the deputies moving about his house. He got out of bed to investigate.

37. Plaintiff Timothy Younessi opened his bedroom door to a deputy pointing a gun at his head.

38. The deputies told Timothy Younessi that they were looking for Henry Burton

39. Timothy Younessi advised the deputies that Henry Burton no longer lived at the Home, that Henry Burton lost the Home in foreclosure, that he, Timothy Younessi, now owned and lived in the Home, and that he had no idea of the whereabouts of Henry Burton. The deputies left.

40. More than a year later, on or about May 13, 2014, at approximately 7:00 P.M., Plaintiff Timothy Younessi was hosting band practice for the locally based and nationally known reggae band Tropidelic, of which he was at that time a member, being their saxophonist.

41. At the same time and place, other members of the band were present, being Casey Williams, Grayson Latimore, Jr., Robert K. Markouc, James Begin, and Matt Anderle (who, together with Timothy Younessi, are "Plaintiff band members").

42. The Plaintiff band members were waiting for the bassist, Plaintiff David "Pags" Paglisotti, to show in order to begin rehearsal.

43. The Plaintiff band members were set up in the basement of the home.

44. A stairwell from the basement of the Home leads to a landing where a door to the outside is located.

45. The Plaintiff band members heard a knock at the door, and voice stating the word "Police!"

46. Plaintiff, Robert K. Markouc, believing that it was Plaintiff David Paglisotti at the door joking around, shouted back, "Fuck the Police!"

47. Immediately, Defendants, Sgt. Eugene Sharpe, Det. Nicholas Riegelmayer, Dep. Patricia Siefer, Det. Joseph Skovira, Det. William Uthe, opened the door.

48. Two of the Defendants charged through the door, guns unholstered, entering the Home.

49. One of the Defendants said, "Fuck the Police, huh?"

50. Plaintiff, Robert K. Markouc, immediately apologized to the Defendants for his comment.

51. Plaintiff Matt Andrle asked the Defendants what they were doing here. The Defendants deputies declined to respond.

52. The Defendants proceeded to search the basement and the wine cellar. They did not show Plaintiffs any warrant or state what or who they were searching for.

53. Defendant Dep. Patricia Siefer stood inside the Home on the landing in front of the door to the outside, with her gun drawn, with a dog.

54. Plaintiffs believe and therefore aver that this was a drug-sniffing dog.

55. Plaintiff Matt Andrle asked if he could go outside and smoke a cigarette.

56. Defendant Dep. Patricia Siefer said no. She then said that no one was allowed to leave.

57. Defendant Dep. Patricia Siefer, with gun drawn, with a drug-sniffing police dog, blocked the exit, and would not allow any of the Plaintiffs to go up the stairs or leave the basement.

58. Plaintiff Timothy Younessi identified himself as the owner of the Home.

59. One of the Defendant deputies stated, "We have to search your house."

60. The Deputies did not show the Plaintiff Timothy Younessi a warrant.

61. Plaintiff Timothy Younessi objected, and then followed the Defendant deputies up the stairs.

62. Defendant Dep. Patricia Siefer allowed him to pass.

63. Defendant Dep. Patricia Siefer continued to force the remaining Plaintiffs to stay in the basement.

64. Plaintiff Timothy Younessi observed that the Defendants had a photo of a man with them.

65. Plaintiff Timothy Younessi believes and therefore avers that the photo was of Henry Burton.

66. Two of the deputies, Defendants Sgt. Eugene Sharpe and Det. Nicholas Riegelmayer, had previously searched the premises on March 7, 2013, and nevertheless had returned once more to the Home in search of Henry Burton, a man whom the Cuyahoga County Sheriff's Department evicted from the Home in October 7, 2011

67. Plaintiff Timothy Younsessi followed the Deputies around the Home, while they conducted their search room by room, and of the crawl space of the Home.

68. One of the Defendants had a gun drawn on Plaintiff Timothy Younsessi during this search.

69. In the meantime, the Plaintiffs remaining the basement observed through the basement window that another Defendant deputy take the drug sniffing dog and enter and search the Band Bus parked in the yard of the Home.

70. The searches were conducted over a period of approximately 15 minutes.

71. During that time, Plaintiff David Paglisotti appeared at the Home and was also detained by the Defendant deputies.

72. Finally, the Defendant deputies finished their searches and exited the Home.

73. Then, and only then, were the Plaintiffs who had been detained in the basement released by the Defendants.

74. Defendants did not find Henry Burton in the Home or at the Home or in the Band Bus.

75. Defendants' drug-sniffing dog did not find any drugs in the Home or at the Home or in the Band Bus.

76. Plaintiff Timothy Younessi followed the Defendant detectives to the end of the driveway.

77. One of the Defendant detectives said to Plaintiff Timothy Younessi, "Tell your friend if he really wants to fuck with the police, he can come down to the station any time." And with that, the Defendants left.

## COUNT ONE

78. The Plaintiff incorporate by reference the previous paragraphs as if fully restated herein.

79. Defendants, Sgt. Eugene Sharpe, Det. Nicholas Riegelmayer, Dep. Patricia Siefer, Det. Joseph Skovira, Det. William Uthe, and John Does, acting under color of state law, violated the Plaintiffs' rights under the Fourth Amendment when they entered and searched Plaintiff Timothy Younessi's Home without a valid warrant, without consent, and in the absence of exigent circumstances.

80. The Defendants did not have a warrant to search Plaintiff Tim Younessi's Home.

81. The Defendants did not have consent to search Plaintiff Tim Younessi's Home.

82. The Defendants did not have exigent circumstances to search Plaintiff Tim Younessi's Home.

83. The Plaintiffs' rights under the Fourth Amendment were clearly established at the time of the search.

84. It was not objectionably reasonable for the Defendants to believe that their search of the Home did not violate the Plaintiffs' rights under the Fourth Amendment.

85. It was not objectionably reasonable for the Defendants to believe that Henry Burton would be present at the Home.

86. It was not objectionably reasonable for the Defendants to use a drug-sniffing dog to search the Home.

87. The Defendants acted with intentional, knowing, callous, and/or reckless indifference to the Plaintiffs' rights under the Fourth Amendment when they entered and searched the Home.

88. As a result of the Defendants' unconstitutional search of the Home, the Plaintiffs have suffered mental anguish, emotional distress, embarrassment, humiliation, and other non-economic injuries, for which they are entitled to an award of compensatory damages.

89. The Plaintiffs are entitled to an award of punitive damages to punish the Defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

**COUNT TWO**

90. The Plaintiff incorporate by reference the previous paragraphs as if fully restated herein.

91. Defendants, Sgt. Eugene Sharpe, Det. Nicholas Riegelmayer, Dep. Patricia Siefer, Det. Joseph Skovira, Det. William Uthe, and John Does, acting under color of state law, violated the Plaintiffs' rights under the Fourth Amendment when they entered and searched Plaintiff David Paglisotti's Band Bus without a valid warrant, without consent, and in the absence of exigent circumstances.

92. The Defendants did not have a warrant to search Plaintiff David Paglisotti's Band Bus.

93. The Defendants did not have consent to search Plaintiff David Paglisotti's Band Bus.

94. The Defendants did not have exigent circumstances to search Plaintiff David Paglisotti's Band Bus.

95. The Plaintiffs' rights under the Fourth Amendment were clearly established at the time of the search.

96. It was not objectionably reasonable for the Defendants to believe that their search of the Band Bus did not violate the Plaintiffs' rights under the Fourth Amendment.

97. It was not objectionably reasonable for the Defendants to believe that Henry Burton would be present at the Band Bus.

98. It was not objectionably reasonable for the Defendants to use a drug-sniffing dog to search the Band Bus.

99. The Defendants acted with intentional, knowing, callous, and/or reckless indifference to the Plaintiffs' rights under the Fourth Amendment when they entered and searched the Band Bus.

100. As a result of the Defendants' unconstitutional search of the Band Bus, the Plaintiffs have suffered mental anguish, emotional distress, embarrassment, humiliation, and other non-economic injuries, for which they are entitled to an award of compensatory damages.

101. The Plaintiffs are entitled to an award of punitive damages to punish the Defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## COUNT THREE

102. The Plaintiff incorporate by reference the previous paragraphs as if fully restated herein.

103. Defendants, Sgt. Eugene Sharpe, Det. Nicholas Riegelmayer, Dep. Patricia Siefer, Det. Joseph Skovira, Det. William Uthe, and John Does, acting under color of state law, violated the Plaintiffs' rights under the Fourth Amendment when they detained the Plaintiffs in the basement of the Home under gunpoint while the Defendants conducted the previously referenced unconstitutional searches.

104. Defendants held Plaintiffs against their will without any rights, grounds, probable cause or reasonable suspicion by the Defendants herein, resulting in damage to their reputation and deprivation of the rights and privileges secured to them by the U.S. Constitution.

105. At all times Plaintiffs had not consent to being confined by the Defendants.

106. At all times Plaintiffs were conscious of their restraint, loss of liberty, and abduction.

107. At all times Plaintiffs were made to feel fearful, intimidated, demoralized, humiliated, inferior, and powerless by the Defendants' threat of deadly physical force and actual deprivation of their civil and constitutional rights, for which they are entitled to an award of compensatory damages.

108. The Plaintiffs are entitled to an award of punitive damages to punish the Defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future

**COUNT FOUR**

109. The Plaintiff incorporate by reference the previous paragraphs as if fully restated herein.

110. Upon information and belief, the unconstitutional search of the Home and Band Bus and false arrest/imprisonment of the Plaintiffs were ordered and/or conducted pursuant to an officially promulgated policy sanctioned or ordered by the Cuyahoga County Sheriff's Department and Cuyahoga County.

111. Upon information and belief, the unconstitutional search of the Home and Band Bus and false arrest/imprisonment of the Plaintiffs were ordered and/or conducted pursuant to a

pervasive custom or practice of the Cuyahoga County Sheriff's Department that has been approved by Cuyahoga County and/or that Cuyahoga County is or should be aware of.

112. Upon information and belief, the unconstitutional search of the Home and Band Bus and false arrest/imprisonment of the Plaintiffs was authorized by one or more high-ranking John Doe Cuyahoga County officials who have final policy making authority in this area.

113. Upon information and belief, Cuyahoga County was deliberately indifferent to the Plaintiffs' constitutional rights by failing to train and supervise the Cuyahoga County Sheriff's deputies who ordered and/or conducted the unconstitutional search of the Home and Band Bus and false arrest/imprisonment of the Plaintiffs.

114. As a result of Cuyahoga County's culpable conduct in connection with the unconstitutional search of the Home and Band Bus and false arrest/imprisonment of the Plaintiffs, the Plaintiffs have suffered mental anguish, emotional distress, humiliation, and other non-economic injuries, for which they are entitled to an award of compensatory damages against Cuyahoga County.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this Court enter an order:

A. Declaring the searches and false arrest/imprisonment complained of herein to be in violation of the Plaintiffs' rights under the Fourth Amendment of the U.S. Constitution;

B. Entering judgment in favor of the Plaintiffs on Counts 1-4 above;

C. Awarding each of the Plaintiffs compensatory damages in an amount to be shown at trial;

D. Awarding each of the Plaintiffs punitive damages (except against the County) in an amount to be shown at trial;

E. Awarding Plaintiffs pre and post judgment interest;

F. Awarding Plaintiffs attorney's fees and costs, pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d), and all other applicable laws and rules; and

G. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michael Dylan Brennan
MICHAEL DYLAN BRENNAN (0066682)
The Law Office of Michael Dylan Brennan, LLC
5001 Mayfield Road
Cleveland, Ohio 44124
216.382.1000
Fax: 216.291.0159
*mbrennan@ohiolegalcounsel.com*
Attorney for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues triable by jury.

/s/ Michael Dylan Brennan
MICHAEL DYLAN BRENNAN (0066682)
Attorney for Plaintiffs